

(202) 524-4140
1717 Pennsylvania Ave, N.W., Suite 650, Washington, D.C. 20006

December 22, 2017

<u>By CM/ECF</u>

Honorable Nicholas G. Garaufis
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: PacNet Services Ltd. v. Office of Foreign Assets Control of the U.S.
      Department of the Treasury, John Doe Defendants 1-73
      No. 17-CV-6027 (Garaufis, J.) (Bloom, M.J.)

Dear Judge Garaufis:

   PacNet Services, Ltd. ("PacNet") respectfully opposes the requested extension of time for the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC") to respond to the Complaint in this matter.

   Federal Rule of Procedure 6(b) mandates that a party show good cause for a requested extension. As set forth in the Complaint, OFAC required the filing of this action in its September 19, 2017 Agreement with PacNet. Pursuant to the September 19 Agreement, OFAC identified on Friday, October 6, 2017 the funds contractually owed to former clients of the PacNet Group that OFAC specifically represented in writing it had "a reasonable factual basis to believe . . . involve[] the proceeds of fraud or money laundering allegedly committed by a client of the PacNet Group." As such, the United States government has accused each of the John Doe defendants of having committed a crime. Notwithstanding those accusations, the Government has refused to tell any of those Defendants/Interpleader Claimants what it is that they are alleged to have done and what right the Government has to the money that is owed to them.

   Based on contacts and questions that we have received from representatives of the John Doe Defendants, uncertainty concerning the basis for the Government's accusations is having a chilling effect on the John Doe defendants. Given the serious nature of the Government's accusations against former PacNet customers, the John Doe defendants have a right to know now what those accusations are. Requiring OFAC to file a prompt answer should address those concerns and aid in a prompt and orderly disposition of this case.



OFAC also has not shown cause for its requested extension because it has not only had notice of this case for months, it mandated that it be filed. There is no excuse for the Government now to claim that it is unprepared and needs more time to respond. Attorneys in this office have been in constant communication with OFAC and the U.S. Attorney's Office for the Eastern District of New York, both prior to and subsequent to the filing of the Complaint in this matter. That the U.S. Attorney's office recently assigned a new attorney does not create good cause for an extension. To the extent the Government is under time pressure, it is pressure of its own manufacture.

For the above reasons, OFAC has not established good cause for an extension of its time to answer and we respectfully submit that its request for an extension through January 28, 2018 to file an answer be denied.

Respectfully submitted,


*George R. Calhoun, V*

George R. Calhoun (Pro Hac Vice)
E-mail: george@ifrahlaw.com
IFRAH LAW
1717 Pennsylvania Ave., NW, Suite 650
Washington, D.C. 20006
Telephone: (202) 524-4142

***Attorney for Plaintiff-in-Interpleader***


cc:     All Counsel of Record (via ECF)