

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 19, 2018

<u>By ECF</u>

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    PacNet Services Ltd. v. Office of Foreign Assets Control of the U.S.
                Department of the Treasury, John Doe Defendants 1-73
                <u>No. 17-CV-6027 (Garaufis, J.) (Bloom, M.J.)</u>

Dear Judge Garaufis:

        Pursuant to the Court's Individual Rules, the Office of Foreign Assets Control of the United States Department of the Treasury ("OFAC") writes to respectfully request a pre-motion conference on Defendant's anticipated motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and a corresponding extension of OFAC's time to respond to the Complaint in Interpleader, pending a pre-motion conference and the setting of a briefing schedule on the anticipated motion.

        By way of background, on October 16, 2017, Plaintiff-in-Interpleader PacNet Services Ltd. ("PacNet") filed a Complaint in Interpleader pursuant to 28 U.S.C. § 1335(a), against OFAC and 73 John Doe Defendants/Claimants-in-Interpleader. Dkt. No. 1. In its Complaint, PacNet alleges that, on September 22, 2016, OFAC designated PacNet and its subsidiaries and affiliated companies ("PacNet Group") as a significant transnational criminal organization based on alleged money laundering through the processing of payments in connection with certain mail fraud schemes. Dkt. No. 1, ¶ 3. OFAC placed PacNet Group and certain individuals on the Specially Designated Nationals and Blocked Persons List ("SDN List") and, subsequently, identified certain payments owed to PacNet Group's former clients that were believed to involve proceeds of fraud or money laundering. Dkt. No. 1, ¶¶ 3, 20, 56. In exchange for the removal of PacNet Group and certain other individuals from the SDN List, PacNet Group was to submit funds purportedly owed to certain former clients that were believed to involve proceeds of fraud or money laundering into an escrow account or with the Clerk of Court in an interpleader action. Dkt. No. 1, ¶¶ 10, 55. In connection with the filing of the interpleader action, PacNet tendered such funds to the Clerk of the Court. *See* Dkt. Nos. 2, 7. PacNet now seeks to use the interpleader action to, *inter alia*, compel the defendants/claimants to litigate claims to the Interpleader Fund between themselves. Dkt. No. 1 at p. 28, "Prayer For Relief," (b). OFAC does not have an interest in, and does not intend to make a claim to, those funds.

Plaintiff's Complaint as asserted against OFAC must be dismissed because there has been no waiver of sovereign immunity. Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under the doctrine of sovereign immunity, a court may exercise subject matter jurisdiction over claims against the federal government, including federal agencies, "only within the limits established by Congress." *Soriano v. United States*, 352 U.S. 270, 277 (1957). Waivers of sovereign immunity cannot be implied and "must be unequivocally expressed." *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992) (internal quotation marks and citations omitted). Absent an express waiver of sovereign immunity, a court lacks subject matter jurisdiction over the claim. *See, e.g.*, *United States v. Testan*, 424 U.S. 392, 399 (1976); *Coffey v. United States*, 939 F. Supp. 185, 190 (E.D.N.Y. 1996) (Spatt, J.). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano*, 352 U.S. at 276.

Sovereign immunity extends to interpleader actions, such as the present suit, in which the United States "'may not be required to interplead when it has not waived its sovereign immunity.'" *Ky. ex rel. United Pac. Ins. Co. v. Laurel County*, 805 F.2d 628, 636 (6th Cir. 1986) (quoting 7 Wright & Miller, *Federal Practice & Procedure* § 1721, at 654 (2d ed. 1986) (citing, *inter alia*, *United States v. Dry Dock Sav. Inst.*, 149 F.2d 917 (2d Cir. 1945))). Here, the jurisdictional provisions referenced in PacNet's Complaint do not amount to a waiver of the government's sovereign immunity or rise to the level of asserting a valid claim against OFAC over which this Court has subject matter jurisdiction. *See* Dkt. No. 1, ¶ 14, 15 (citing 28 U.S.C. § 1335(a), 5 U.S.C. § 702, 28 U.S.C. § 1346). In particular, 28 U.S.C. § 1335, the interpleader statute, does not waive the government's sovereign immunity. *See Dry Dock Sav. Inst.*, 149 F.2d at 918 (holding that Interpleader Act did not function as legislative authorization to sue United States); *AmSouth Bank v. Mississippi Chem. Corp.*, 465 F. Supp. 2d 1206, 1209 (D.N.M. 2006) ("[T]he general statute permitting interpleader, 28 U.S.C. § 1335, is not *itself* a waiver of sovereign immunity . . . ."); *Coastal Rehab. Servs. v. Cooper*, 255 F. Supp. 2d 556, 559 (D.S.C. 2003) ("'An interpleader proceeding does not establish jurisdiction.'" (quoting *Laurel County*, 805 F.2d at 636)). Thus, the Interpleader Act does not waive the United States' sovereign immunity.

Plaintiff's citation to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, as a basis for asserting that there has been a waiver of sovereign immunity is misplaced. Indeed, Plaintiff does not seek judicial review of an agency action or inaction, but rather seeks to require that the claimants to the funds placed in the interpleader account litigate their respective claims amongst themselves. *See* Dkt. No. 1 at p. 28, "Prayer For Relief." In addition, PacNet's reliance on 28 U.S.C. § 1346 is similarly misplaced. This is not a civil action to recover paid internal revenue tax, nor a claim of $10,000 or less against the United States. *See* 28 U.S.C. § 1346(a). PacNet does not assert a claim for money damages against the United States, nor is this a claim to quiet title to an interest in real property. 28 U.S.C. § 1346(b), (f). As such, there has been no waiver of sovereign immunity based on the APA or 28 U.S.C. § 1346.

Finally, PacNet alleges that OFAC's actions amounted to a waiver of sovereign immunity. *See* Dkt. No. 1, ¶ 15. Based upon this allegation, PacNet is asking the Court to imply a waiver of sovereign immunity in the absence of an express waiver, which has been rejected by the Supreme

Court. *See Nordic Vill.*, 503 U.S. at 33-34; *Soriano*, 352 U.S. at 276. As such, OFAC's actions could not have amounted to waiver of sovereign immunity here.

Accordingly, for those reasons, and others to be discussed more fully in OFAC's contemplated motion, OFAC respectfully requests a pre-motion conference and a corresponding extension of OFAC's time to respond to the Complaint, pending a pre-motion conference and setting of a briefing schedule.

Thank you for Your Honor's consideration of this submission.

                                           Respectfully submitted,

                                           RICHARD P. DONOGHUE
                                           United States Attorney

By:    *s/Rukhsanah L. Singh*
         Rukhsanah L. Singh
         Assistant U.S. Attorney
         (718) 254-6498
         rukhsanah.singh@usdoj.gov

cc: All Counsel of Record (by ECF)