IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PACNET SERVICES LTD.,**<br><br>Plaintiff-in-Interpleader,<br><br>v.<br><br>**OFFICE OF FOREIGN ASSETS CONTROL of the UNITED STATES DEPARTMENT OF THE TREASURY; JOHN DOE DEFENDANTS 1 – 73;**<br><br>Defendants/Claimants-in-Interpleader. | Civil Action No.: 17-cv-06027<br><br>Date of Service: April 24, 2020 |

## PLAINTIFF PACNET SERVICES LTD'S MOTION TO LIFT SEAL ON DOCUMENTS 5, 5-1, AND 5-2 AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiff-in-Interpleader PacNet Services Ltd. ("PacNet") respectfully submits this Motion to Lift the Seal on Documents 5, 5-1, and 5-2 ("the Sealed Documents"), previously filed in this action. As discussed in greater detail herein, PacNet requests the Court lift the seal as to the Sealed Documents for the limited purposes of (a) providing information contained in the Sealed Documents in response to discovery requests propounded in litigation pending in British Columbia, Canada, and (b) use of the Sealed Documents or information contained in the Sealed Documents for the prosecution or defense of that litigation, provided that use complies with the July 25, 2019 confidentiality order issued by the Supreme Court of British Columbia (the "Confidentiality Order").

### I.    BACKGROUND

On October 16, 2017, PacNet filed its Complaint in this interpleader action (Dkt. No. 1), together with its Motion for Interpleader Deposit (Dkt. No. 2). Concurrent with the filing of its Complaint and Motion for Interpleader Deposit, PacNet filed a Motion for Leave to File Under

1

Seal ("Motion to Seal") two documents: Annex A to its Complaint (Dkt. No. 5-1 ("Annex A")), and the Declaration of George Calhoun in Support of Motion for Interpleader Deposit (Dkt. No. 5-2 ("Calhoun Declaration")). (Dkt. No. 5 ("Motion to Seal" or "Mot. to Seal").) The Motion to Seal, itself, was likewise filed under seal. The Government did not file a response or opposition to PacNet's Motion to Seal, and on October 20, 2017, the Court granted PacNet's Motion to Seal. (Dkt. No. 6.)

In the time since the Sealed Documents were filed under seal in this matter, in a civil forfeiture action initiated in the Supreme Court of British Columbia by the Director of Civil Forfeiture ("Director"),[1] PacNet and individuals named in that matter have been asked in discovery requests issued by the Director to produce information contained in the Sealed Documents. Namely, in a recent interrogatory, the Director has requested

> the names of the former clients of PacNet, and its subsidiaries and affiliated companies . . . , respecting whom The United States Department of the Treasury, Office of Foreign Assets Control has alleged that certain amounts that were owed by the PacNet Group to those former clients involve the proceeds of fraud or money laundering.

*See* Ex. A, Interrogatories on behalf of the Director of Civil Forfeiture (Mar. 6, 2020), at 2. Similarly, in a document request, the Director has sought "[t]he list of PacNet's former clients who are referred to as "Defendants John Doe 1-73" at paragraph 20 of PacNet's Complaint in Interpleader." *See* Ex. B, Ltr. from A. Doolittle (attorney for Director) to counsel for PacNet (Nov. 21, 2018), at 2.

PacNet seeks to provide information responsive to the Director's interrogatory and document request. PacNet believes that it can provide this information to the Director without

---

[1] *Director of Civil Forfeiture v. The Owners and all Others Interested in the Properties and the Bank Funds, in Particular PacNet Services Ltd., Rosanne Day, Gordon Day, Ruth Ferlow, Peter Ferlow, and 672944 B.C. Ltd.*, Vancouver Registry No. S182680 (B.C.S.C.).

running afoul of the Court's Order granting the motion to seal the Sealed Documents, given that it was PacNet alone who requested that the documents be sealed to begin with. However, in an abundance of caution, because the information sought by the Director is present in the Sealed Documents, PacNet files this instant Motion asking for the Court to unseal the documents for the limited purposes of responding to the Director's discovery requests and possible use of the documents in accordance with the Confidentiality Order. PacNet submits that its motion should be granted because it alone was the initial party seeking to seal the documents, and the changed circumstances in the form of a request in a court proceeding from a Canadian governmental official for information contained in the Sealed Documents makes it appropriate to now unseal the documents. Further, PacNet is not seeking that the Sealed Documents be unsealed in their entirety; rather, PacNet is solely seeking that the Court order that information contained in the Sealed Documents may be provided in response to the discovery requests in British Columbia and used in the British Columbia litigation, in accordance with the Confidentiality Order, attached hereto as Exhibit C. Thus, PacNet submits that because information contained in the Sealed Documents would be produced in accordance with the Confidentiality Order, the information will be utilized for the purposes of that case, but not disclosed elsewhere.

Counsel for PacNet conferred with counsel for the Government, and counsel for the Government indicated that the Government does not object to the relief sought in this motion.

**II.   ARGUMENT**

Although Courts generally apply a presumption of public access to judicial documents under Rule 5.2(d), that presumption is subject to the balancing against other critical privacy interests. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (courts balance privacy interests against presumption of public access in deciding whether to seal judicial documents under

Rule 5.2); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (same). "'[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

From the outset of this case, PacNet has taken the position that the Sealed Documents did not need to remain sealed in perpetuity. To be sure, in PacNet's initial Motion to Seal, it asserted that the need to protect the John Doe Interpleader Defendants from being publicly labeled as criminals was a sufficient interest to warrant sealing of the Sealed Documents. (Mot. to Seal, at 5.) However, in making its request, PacNet explicitly stated that disclosure of the identities of the John Doe Interpleader Defendants may become appropriate at a later date:

> Public disclosure of the identities of John Doe Interpleader Defendants 1-73 **at this stage in the litigation** would subject them to unwarranted reputational and economic harm without due process of law. . . . At a later date during the contest before this Court between the competing interpleader defendants, disclosure of the identities of the John Doe Interpleader Defendants may be appropriate. Yet, **at this initial date**, the severity of the injury by public disclosure of those interpleader defendants' identities outweighs the public interest in immediate access to information of their identities.

(*Id.* at 7 (emphasis added).) PacNet's Motion to Seal was made in October 2017, almost exactly two-and-a-half years ago. Since that time, the John Doe Interpleader Defendants have had the opportunity to appear before the Court and assert an entitlement to the funds at issue in this litigation. PacNet now asserts that sufficient time has passed, and circumstances have sufficiently changed in the form of the requests made of PacNet to produce materials in the Canadian litigation, that any privacy interest maintained by the John Doe Interpleader Defendants no longer outweighs the presumption in favor of allowing access to judicial documents.

4

The Court should grant PacNet's Motion because PacNet is solely requesting that the Court enter an order allowing for information contained in the Sealed Documents to be produced in response to the Director's discovery requests in the Canadian litigation and used in that litigation only in accordance with the entered Confidentiality Order. Indeed, it is particularly appropriate to unseal documents where a party brings the motion to unseal in order to allow a foreign tribunal to have access to the documents at issue. The Southern District addressed a similar issue last year in *In re Petrobas Securities Litigation*, 393 F. Supp. 3d 376 (S.D.N.Y. 2019). In that case, the plaintiff in a matter pending in the Southern District was also involved in an arbitration proceeding against the same defendant, pending in Sao Paulo, Brazil. *Id.* at 378-79. The plaintiff sought to allow for the Brazilian arbitrator to have access to documents that had been previously filed under seal in the Southern District litigation. *Id.* at 379. Just as was the case in PacNet's Motion to Seal in this matter, the court in *In re Petrobas* stated that "none of this sealing was intended to be forever, and the parties knew as much." *Id.* at 386. The court granted the motion to unseal almost in full,[2] holding that its three-year-old conclusion that sealing was warranted no longer defeated the general presumption in favor of public access to documents, reasoning that "the conditions that made [the sealed documents] commercially sensitive are in many instances no longer relevant." *Id.* at 387.

The conclusion the court in *In re Petrobas* is likewise appropriate in this case as to the Sealed Documents given (i) the need for the documents to be produced in the Canadian litigation, and (ii) the fact that the John Doe Interpleader Defendants have—in the time since the documents were sealed—had the opportunity to come forward and assert a claim in this action. Unsealing is

---

[2] It left sealed "a few sentences within a few of the documents" that may still contain sensitive information.

also appropriate where, like here, the party who brought the motion to seal is the party later seeking to have material unsealed. *See Veleron Holding, B.V. v. Stanley*, No. 12 Civ. 5966(CM), 2014 WL 1569610, at *1, 6 (S.D.N.Y. Apr. 16, 2014) (granting plaintiff's motion to unseal documents previously sealed at plaintiff's request, where confidential arbitration proceedings that led to sealing order had concluded). And unsealing is particularly appropriate here because the unsealing is sought solely for the purposes of providing information in the Sealed Documents in the Canadian litigation, and for use in that litigation only in accordance with the Confidentiality Order.

**III. CONCLUSION**

For the reasons set forth above, PacNet respectfully requests that the Court issue an order lifting the seal so that the Sealed Documents may be produced and used in the litigation pending in British Columbia.

Dated: April 24, 2020

*/s/ Jeff Ifrah*
A. Jeff Ifrah
E-mail: jeff@ifrahlaw.com
George R. Calhoun (Pro Hac Vice)
E-mail: george@ifrahlaw.com
IFRAH LAW
1717 Pennsylvania Ave., NW, Suite 650,
Washington, D.C. 20006
Telephone: (202) 524-4142

***Attorneys for Plaintiff-in-Interpleader***

# CERTIFICATE OF SERVICE

I certify that on April 24, 2020, I served a copy of the foregoing document to the following by

&boxtimes;  ECF to all appearing parties.

and by

&boxtimes;  U.S. Mail, postage prepaid

United States Department of the Treasury
Office of Foreign Asset Control
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, DC 20220

            */s/ George Calhoun*_____
            George R. Calhoun